UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARISDALIA MERINO CORDERO,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General of the United States; et al.,<br><br>Respondents. | Case No.: 26-cv-2382-BJC-GC<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1]** |

On April 15, 2026, Arisdalia Cordero ("Petitioner") filed a petition for a writ of habeas corpus. ECF No. 1. On May 18, 2026, Respondents filed a return, ECF No. 14, and on May 19, 2026, Petitioner filed a traverse. ECF No. 15. For the reasons set forth below, the Court **GRANTS** the petition.

## I.   BACKGROUND

Petitioner is a native and citizen of Cuba, who entered the United States without being admitted or paroled on June 15, 2022, and was thereafter taken into Immigration and Customs Enforcement (ICE) custody. ECF No. 14 at 2. She was released on her own recognizance and was placed in removal proceeding before an Immigration Judge. *Id.* On April 30, 2025, Petitioner was ordered removed *in absentia*, and her removal order became final on that day. *Id.* On March 16, 2026, Border Patrol agents encountered Petitioner and detained her. *Id.* Petitioner has remained in detention since then.

On April 15, 2026, Petitioner filed her petition for Writ of Habeas Corpus, ECF No. 1, and on May 1, 2026, Petitioner filed an amended petition. ECF No. 9. Respondents

26-cv-2382-BJC-GC

filed a return on May 18, 2026.  ECF No. 14.  On May 19, 2026, Petitioner filed a traverse, ECF No. 15, and on May 27, 2026, Petitioner filed supplemental briefing.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Under 28 U.S.C. § 2241, a district court has the authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The petitioner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

## III.   DISCUSSION

Section 1231 governs the arrest and detention of noncitizens subject to a final removal order.  *See* 8 U.S.C. § 1231.  It directs the Attorney General to effectuate removal "within a period of 90 days," known as the "removal period," during which detention is authorized. § 1231(a)(1)–(2).  In *Zadvydas*, the Supreme Court clarified that detention beyond the removal period is presumptively lawful for up to six months; after that, a noncitizen may make a *prima facie* case for relief by sharing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," at which point the burden shifts to "the Government [to] respond with evidence sufficient to rebut that showing."  533 U.S. at 701.

The Court finds that Petitioner has satisfied her burden under *Zadvydas*.  Petitioner was ordered removed in April 2025, ECF No. 14 at 2, and the six-month presumptive detention period has expired.  No travel documents have been obtained at this time.  *See* ECF No. 15 at 5.  Continued detention must be justified by a significant likelihood of removal within a reasonably foreseeable period, and Respondents have failed to meet that standard.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS**:

1. The petition for writ of habeas corpus is **GRANTED**.

2. Respondents shall immediately release Petitioner under the conditions when she was previously released on her own recognizance.

3. Respondents are **ENJOINED** from re-detaining Petitioner under 8 U.S.C. § 1231(a)(6) unless and until Respondents obtain a travel document for her removal.

4. Respondents are **ENJOINED** from re-detaining Petitioner without first following the procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.

5. Respondents are **ENJOINED** from removing Petitioner to a third country unless they adhere to the following procedures:
   a. provide written notice to Petitioner, in a language she can understand and to his counsel;
   b. provide Petitioner a minimum of ten (10) days to raise a fear-based claim for CAT protection prior to removal;
   c. if Petitioner demonstrates reasonable fear of removal to the country, Respondents must move to reopen Petitioner's removal proceedings;
   d. if Petitioner is not found to have demonstrated a reasonable fear of removal to the third country, Respondents must provide a meaningful opportunity, and a minimum of fifteen (15) days for Petitioner to seek reopening of his immigration proceedings.

6. The Clerk of Court shall close this matter.

**IT IS SO ORDERED.**

Dated:  June 12, 2026

_____
Honorable Benjamin J. Cheeks
United States District Judge

26-cv-2382-BJC-GC